**Dallas BROWN, Plaintiff—Appellant,**

**v.**

Michael J. ASTRUE,* Commissioner,
Social Security Administration,
Defendant—Appellee.

No. 06–35123.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 6, 2008.

Filed Feb. 20, 2008.

James S. Coon, Esq., Swanson Thomas & Coon, Portland, OR, for Plaintiff–Appellant.

Neil J. Evans, Esq., Office of the U.S. Attorney, Portland, OR, Lucille G. Meis, Esq., David M. Blume, Esq., Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: RYMER and PAEZ, Circuit Judges, and CARNEY,** District Judge.

## MEMORANDUM***

Plaintiff–Appellant Dallas Brown appeals the district court's decision to remand his claim for disability insurance benefits for further administrative proceedings. Brown argues that the remand should have been for a calculation of benefits. Under these circumstances, we re-

---

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

view the district court's decision to remand for abuse of discretion. *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir.2004). We affirm, but limit the scope of the remand.

Here, the Commissioner acknowledged in the district court that the ALJ failed to provide legally sufficient reasons for rejecting the opinion of the vocational expert who testified that there were no jobs that a person with Brown's residual functional capacity could perform. The district court then identified two outstanding issues that needed to be resolved before a determination of disability could be made. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir.1996).

█ First, the district court determined that Brown's lifting limitations may have varied during the relevant period under review. Second, the district court found that the record was unclear as to whether Brown could perform jobs classified as "sedentary" based on the vocational expert's testimony. As to the first, the duration of Brown's lifting limitations is not properly the subject of a remand for further administrative proceedings because the record is clear that the ALJ found that Brown's impairment is "severe" and met the duration requirement of at least twelve months at Step Two. 20 C.F.R. § 404.1509. This issue is therefore not "outstanding" within the meaning of *Smolen*, 80 F.3d at 1292.

█ As to whether Brown could perform jobs classified as "sedentary" based on the vocational expert's testimony, however, we agree that the lack of clarity in the testimony supports the district court's conclusion that a remand for a calculation of benefits is premature.

We do not, then, have a "definite and firm conviction" that the district court committed clear error in remanding for further proceedings. *United States v.*

*Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005) (internal citation omitted). Accordingly, we remand to the district court with instructions to remand to the Social Security Administration for a redetermination at Step Five only.

AFFIRMED; REMANDED with instructions.